IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SELENA SHANNON WALTERS, | ) |
| Plaintiff, | ) Civil Action No.: 7:18cv000340 |
| v. | ) |
| | ) By: Michael F. Urbanski |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A, et al., | ) Chief United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

This action, filed by plaintiff Selena Shannon Walters against the Bank of New York Mellon Trust Company, N.A., and Trustee Services of Virginia, LLC in the Circuit Court for the City of Roanoke, concerns the foreclosure of Walters's property and seeks declaratory relief. Defendants filed a notice of removal on July 13, 2018, alleging diversity jurisdiction. On July 20, 2018, defendant Trustee Services of Virginia, LLC filed a motion to dismiss plaintiff's claims against it with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On August 3, 2018, Walters filed a notice of voluntary dismissal without prejudice of her claim against defendant Trustee Services only, pursuant to Rule 41(a)(1)(A)(i).[1] Trustee Services objects to Walters's request for dismissal.

Rule 41(a)(1)(A)(i) provides that a plaintiff may dismiss an action without court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. In its objection, Trustee Services argues that its pending motion to

---

[1] Walters did not respond to the pending motion to dismiss before filing her notice of voluntary dismissal.

dismiss asks the court to consider documents referred to but not attached to the plaintiff's complaint and, in order to consider those documents, the court must convert the motion to a motion for summary judgment pursuant to Rule 12(d). Trustee Services insists dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i) is improper because the court is required to treat its motion to dismiss as a motion for summary judgment.

The Fourth Circuit had occasion to consider this very argument in Finley Lines Joint Protective Board v. Norfolk Southern Corporation, 109 F.3d 993 (4th Cir. 1997). As in the instant case, plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i) while there was a motion to dismiss pending. Defendant Norfolk Southern moved to vacate the notice of voluntary dismissal, arguing plaintiff was not entitled to voluntarily dismiss the case pursuant to Rule 41 because Norfolk Southern's motion to dismiss and supporting affidavits constituted a motion for summary judgment pursuant to Rule 12.[2] The district court agreed, granted Norfolk Southern's motion to vacate the notice of voluntary dismissal, and further granted Norfolk Southern's motion to dismiss and dismissed plaintiff's claims with prejudice. 109 F.3d at 994.

On appeal, the Fourth Circuit reversed, holding a Rule 12(b)(6) motion to dismiss is not converted into a motion for summary judgment automatically at the time it is served simply because matters outside the pleadings are attached thereto. Id. at 995. Rather, Rule 12(d) plainly gives the court discretion to determine whether or not to exclude matters outside of the pleadings. Id. at 996. The rule expressly states that a motion to dismiss

---

[2] The language referred to in Finley as appearing in Rule 12(b)(6) now appears in Rule 12(d). It provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

2

supported by such materials shall be treated as a motion for summary judgment only when the materials are "presented to and not excluded by the court;" the mere submission of extraneous materials does not itself convert a Rule 12(b)(6) motion into one for summary judgment. Id. at 995-96 (citing 21 James Wm. Moore, Moore's Federal Practice ¶ 12.09[3] (2d ed. 1996)). The rule also requires a court to provide the parties with notice of its intention to treat a motion to dismiss as one for summary judgment and "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); Finley, 109 F.3d at 995. Thus, "a Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating it will not exclude from its consideration of the motion the supporting extraneous materials." 109 F.3d at 997. The court reasoned:

> Rule 41(a)(1)(i) itself provides a defendant who wishes to "avoid wasting time or money" and "preclude future prejudice to its interests" with a simple remedy to prevent a plaintiff from sua sponte dismissing an action without prejudice: the defendant can file an answer or move for summary judgment. If a defendant fails to pursue this remedy, it cannot circumvent the rule simply by serving the plaintiff with a motion to dismiss, supported by extraneous materials. A plaintiff confronted with such a response is free to invoke Rule 41(a)(1)(i).

Id. (internal citations omitted).

Based on the Fourth Circuit's holding in Finley, the court will overrule Trustee Services's objection to plaintiff's request for dismissal. Walters's Rule 41 notice was filed before Trustee Services served either an answer or motion for summary judgment, and Walters is entitled to dismiss sua sponte her claims against Trustee Services without prejudice.

3

An order will be entered to that effect.

ENTERED: 09/06/2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge